UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANDON GREGORY CARR**                                                            **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:25-CV-109-CRS**

**COMMONWEALTH OF KENTUCKY** *et al.*                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Plaintiff Brandon Gregory Carr. He has filed a motion for leave to proceed *in forma pauperis* (DN 11). Upon consideration, **IT IS ORDERED** that the motion (DN 11) is **GRANTED**. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a general complaint form (DN 1).[1] He names the following as Defendants in the caption of the complaint - the Commonwealth of Kentucky; Governor Andy Beshear; the "5th District"; DCBS; Zach Greenwell; and Rebecca Brooks. He also lists "Officer Weathers" as a Defendant in the "Defendants" section of the complaint form.

Plaintiff indicates that the Court has jurisdiction over this matter because it presents a federal question. He then states that the basis for federal question jurisdiction is: "Harassment by an unethical confidential informant . . . Appendage of Zack Greenwell's office . . . ."

In the "Statement of the Claim" section of the complaint, Plaintiff writes:

> Rebecca Brooks didn't turn in familiar contact for family adoption didn't clearly gravitate the judicial procedure. Zack's appendage tortured me for over 2 years

---

[1] By prior Order, this action was consolidated with another action in which the complaint was a photocopy of the complaint in this action (DN 8). That photocopied complaint was then docketed as an amended complaint in this action (DN 9).

> over the deaf radio the amount will discuss by my 2nd cousin Hon. Rene Williams. Morganfield police department opened a wire tap for tormentus reasons for torture by unethical confidential informant . . . .

In the "Relief" section of the complaint form, Plaintiff states:

> I want punitive damages for emotional damages for listening to [confidential informant]'s voice for years. I want emotional distress for her voice being all around and my father and step mother not hearing the deaf radio. Not having my children and Rebecca not forwarding my list to the Hon. Brandi Rodgers. I want the maximum amount available to and the negotiations will before my attorney Rene Williams.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. In addition, to state a claim upon which relief may be granted, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)). To satisfy this standard, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotation omitted) (emphasis added).

Upon consideration, the Court finds the complaint must be dismissed because it is both frivolous and fails to state a claim upon which relief may be granted.

### III.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion and Order.

Date: October 7, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.011

3